**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VERA et al.,**<br><br>                              **Plaintiff,**<br><br>**v.**<br><br>**MIDDLESEX WATER COMPANY et al.,**<br><br>                              **Defendants.** | Civ. No. 22-04446 (KM) (ESK)<br><br>**OPINION** |

<u>**KEVIN MCNULTY, U.S.D.J.:**</u>

      This matter comes before the Court on the plaintiffs' motion to remand this removed class action to state court. (DE 6.)[1] At issue primarily is whether a defendant may remove a class action on the basis of diversity jurisdiction where the sole diverse party was brought into the case by way of a third-party claim filed by the defendant. Although the issue is not quite settled, existing precedent all but requires me to answer that question in the negative. For that reason, and because the defendant's notice of removal was untimely, the motion to remand is **GRANTED**.

    **I.**    **Background**

      The original class action complaint in this matter was filed in the Superior Court of New Jersey, Middlesex County in October 2021. (Not. ¶1.) The lead plaintiffs filed a first amended complaint in November 2021, followed

---

[1]      Certain citations to the record are abbreviated as follows:

      DE = Docket entry

      Not. = MWC's notice of removal (DE 1)

      Mot. = Plaintiffs' motion to remand (DE 6)

      Opp. = MWC's brief in opposition to the motion to remand (DE 9)

by a second amended complaint in April 2022. (*Id.* ¶¶2-3.) For ease of reference, I will refer to the second amended complaint, which is the currently operative complaint, as "the SAC".

The SAC, like the two earlier versions of the complaint, was brought by plaintiffs who are New Jersey citizens, on behalf of several proposed -- now certified -- classes and sub-classes of New Jersey citizens who are customers of the Middlesex Water Company ("MWC"). (Mot., Ex. A.; Not., Ex. A, B, C.) The sole defendant named in the SAC and the earlier versions is MWC. (*Id.*) MWC is a New Jersey corporation with a principal place of business in New Jersey. (Not. ¶15.)

The claims in the SAC arise out of two uniformly worded notices that MWC sent to its customers in October and November 2021. (SAC ¶5.) The notices informed customers that MWC's water contained levels of Perfluorooctanoic Acid (PFOA) that exceeded New Jersey drinking water standards. (*Id.* ¶6.) In addition, the notices explained the health risks involved in exposure to elevated PFOA levels and directed customers to take certain steps to limit those risks. (*Id.* ¶¶10-13.) Customers were advised to consider using bottled water for drinking and cooking to reduce exposure to PFOA, or to install a home water filter. (*Id.*) Customers who were severely immunocompromised, elderly, pregnant, or who had an infant were directed to seek advice from a health care provider. (*Id.*)

The SAC alleges that the plaintiffs and class members followed MWC's written directives to consult with their doctors, buy bottled water, and/or install a home water filter to protect themselves against their contaminated water tap water. (*Id.* ¶16.) In following those directives, the plaintiffs and class members incurred out-of-pocket expenses. (*Id.* ¶17.) The SAC seeks indemnification and reimbursement under New Jersey equitable and common law principles for the expenses they incurred. (*Id.* ¶24.) It also seeks future medical monitoring for the class who have been directly exposed to PFOAs, as well as injunctive relief to remedy the fact that MWC has failed to provide

reasonable notice about the dangerous conditions to all persons who receive their domestic drinking water from MWC. (*Id.* ¶¶27-28.) Plaintiffs allege that the only customers that received the two notices were those whose name appears as the billed party on a MWC bill. (*Id.* ¶29.)

On May 4, 2022, MWC filed an answer to the SAC and also filed a third-party complaint against 3M Company ("3M"). (Not. ¶¶4-5.) The third-party complaint alleges that 3M is responsible for the contamination of MWC's public drinking water supplies, as 3M sold PFOAs or products containing PFOAs to customers in New Jersey. (Not., Ex. D.)

On July 6, 2022, MWC removed the matter to federal court. (Not.) The notice of removal alleges that 3M is a Delaware corporation with a principal place of business in Minnesota. (*Id.* ¶16.) On July 12, 2022, the plaintiffs moved to remand the action to state court. (DE 6.) MWC opposed the motion. (DE 9.)

## II.    Legal standards

The general removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove a state court action over which a federal court would have original jurisdiction. Under the Class Action Fairness Act of 2005 (CAFA), a district court has original jurisdiction over a class action where the class has more than 100 members, the amount in controversy exceeds $5,000,000, and the parties are minimally diverse. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). CAFA's minimal diversity requirement is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

The burden to show the existence of federal jurisdiction falls on the party asserting such jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Once jurisdiction has been established, the burden shifts to the party seeking remand to show that an exception requiring remand applies. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 154 (3d Cir. 2009); *see also Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) ("[W]henever the

3

subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception.").

Although the removal statute must generally be strictly construed, with any doubt to be resolved in favor of remand, *see*, *e.g.*, *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009), this presumption does not apply to class actions invoking jurisdiction under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Because Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court," its "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

### III.   Discussion

The plaintiffs argue that remand is required because the Court lacks subject matter jurisdiction. In the plaintiffs' view, this is a case brought by New Jersey citizens against MWC, which is a New Jersey citizen, and all of the claims arise under New Jersey law. Consequently, there is no federal question presented and there is not even the minimal diversity of citizenship sufficient to create diversity jurisdiction under CAFA. (Mot. 9-10.) Even assuming *arguendo* that CAFA's diversity requirement was met, plaintiffs argue, remand is nevertheless required because MWC's notice of removal was not timely. (*Id.* 11-12.) Alternatively, even if the Court finds that diversity jurisdiction exists *and* the removal was timely, plaintiffs insist that remand is still appropriate because the "local controversy" exception applies. *See* 28 U.S.C. § 1332(d)(4)(A). (*Id.* 12-13.)

### A. Diversity jurisdiction under CAFA

MWC asserts that minimal diversity exists because 3M is a diverse party. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen both of the state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). 3M is thus a citizen of both Minnesota and Delaware. According to MWC, because members of the

4

class of plaintiffs are New Jersey citizens, CAFA's requirement that "any member of a class of plaintiffs is a citizen of a State different from any defendant" is satisfied. 28 U.S.C. § 1332(d)(2)(A).

The plaintiffs respond that a defendant cannot create its own diversity jurisdiction by filing a third-party claim against an out-of-state entity. They maintain that under the Supreme Court's decision in *Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1748 (2019), diversity jurisdiction is to be determined based on the parties named in the complaint filed by the plaintiffs, and any third-party defendant not named in the plaintiff's complaint does not create diversity for purposes of federal jurisdiction. (Mot. 15-16.)

The precise holding of *Home Depot* is not quite on point, as the parties in that case were in a somewhat different posture from those here. In *Home Depot*, the Court addressed whether a third-party defendant brought into a lawsuit by a claim filed by the original defendant could remove the claim against it. The Court concluded that the third-party defendant could not do so either under the general removal statute or under CAFA because both provisions limit removal authority to the original defendant sued by the plaintiff. *Home Depot*, 139 S. Ct. at 1745.

In this case, the removing party is the original defendant -- not the third-party defendant -- and thus the holding of *Home Depot,* construed as narrowly as possible, would not bar removal. Nonetheless, the Supreme Court's reasoning in *Home Depot* implies that an original defendant also may not remove where the sole diverse party is a third-party defendant.

That reasoning is as follows. The Court explained in *Home Depot* that the "civil action" over which the district court must have "original jurisdiction" is "the action as defined by the plaintiff's complaint." 139 S. Ct. at 1748. Thus the Court "has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.* This is done by "evaluat[ing] whether the plaintiff could have filed its operative complaint in

federal court, either because it raises federal claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* Against this backdrop, the Court concluded that removal was not permitted "based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot,* 139 S. Ct. 1748.

A recent decision from the Northern District of California applied the reasoning of *Home Depot* to disallow removal in circumstances similar to those here. *See Cowan v. LifeLong Med. Care,* No. 21-CV-10062-VC, 2022 WL 1025146 (N.D. Cal. Apr. 6, 2022). In *Cowan,* two individuals sued a California healthcare provider in state court on behalf of a class of California residents whose confidential patient information was exposed as a result of a data breach. *Id.* at *1. The provider filed a third-party complaint against a Minnesota-based data vendor, alleging that the vendor was responsible for any damages arising out of the breach. *Id.* The defendant provider then filed a notice of removal, alleging that because the third-party defendant (the vendor) was diverse from the plaintiffs, the action met the minimal diversity requirements of CAFA. *Id.*

The *Cowan* Court reasoned that *Home Depot* "all but answers the question" of whether removal was proper: "Although *Home Depot* addressed removal by third-party defendants, the logic applies even more strongly to removal by original defendants." *Id.* Because the plaintiffs in *Cowan* could not have brought the case originally in federal court, the Court held that the defendant's decision to file a third-party claim against a diverse third-party could not create jurisdiction. *Id.*

The *Cowan* Court explained:

> It would be odd if the answer were otherwise. Federal jurisdiction over diversity cases exists "to provide a neutral forum" in which to settle disputes. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). But the original defendant has no greater or lesser interest in a neutral forum whether a third-party defendant is brought into an action or not. If a diverse third-party

6

defendant—the only defendant with an interest in a neutral
forum—cannot remove after *Home Depot*, it would be strange to
allow the original defendant to remove anyway.

2022 WL 1025146, at *1.

I find the reasoning of *Cowan* and its application of *Home Depot* highly
persuasive. Consider the SAC in this case. The plaintiffs could not have filed
the SAC in federal court because it asserts neither federal claims nor claims
against a party diverse from any of the class members. MWC's unilateral
decision to file a third-party complaint against a diverse party does not create
federal jurisdiction. Nor is MWC, a New Jersey citizen, the sort of party for
whom the diversity and removal statutes guarantee a neutral forum.
Accordingly, the action may not be removed to federal court.[2]

_____

[2]    I deal here with some of MWC's miscellaneous arguments, none of them
meritorious.

MWC argues that CAFA's minimal diversity requirement is also satisfied
because hundreds of MWC customers have moved out of New Jersey since the
inception of the lawsuit and are thus now citizens of other States, making them
diverse from MWC. (Opp. 12.) This argument is without merit. It has long been the
rule that "[w]hether diversity exists is determined by the citizenship of the parties at
the time the action is filed." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 n.9
(3d Cir. 2015) (citing *Grupo Dataflux v. Atlas Global Grp.*, L.P., 541 U.S. 567, 570–71
(2004)). A party's citizenship change after the time of filing—as is asserted here—does
not cure a jurisdictional defect that existed at that time. *Grupo Dataflux, supra* at 575.

MWC accuses the plaintiffs of purposefully engineering their complaint to avoid
federal jurisdiction. (Opp. 19.) That argument is wholly vapid, because it is plaintiff's
option, in the first instance, to make such strategic choices. "The Supreme Court has
long held that plaintiffs may limit their claims to avoid federal subject matter
jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (citing *St. Paul Mercury
Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). The plaintiff is the master of his
or her own claims, and CAFA does not change that proposition. *Morgan, supra. See
Cowan*, 2022 WL 1025146, at *2 (rejecting defendant's argument that plaintiffs
"deliberately engineered their complaint to avoid CAFA jurisdiction by neglecting to
sue [a third party] in the original complaint").

To the extent that MWC may be claiming that 3M is an indispensable party that
plaintiffs have failed to name, MWC has cited no evidence or authority to support such
a conclusion. "As a general proposition, ... a party is not truly indispensable unless he
has an interest inevitably involved in the subject matter before the court and a
judgment cannot justly be made between the litigants without either adjudging or
necessarily affecting the absentee's interests." *Int'l Bhd. of Elec. Workers Loc. 400 v.
Borough of Tinton Falls*, 468 N.J. Super. 214, 225 (App. Div. 2021) (citing *Toll Bros.,*

**B. Timeliness of removal**

There is an alternative basis for remand. Plaintiffs assert that MWC's notice of removal was untimely, because it was not filed within the 30-day deadline imposed by 28 U.S.C. § 1446. The argument has a straightforward, facial appeal. The notice of removal recites that the third-party claim was filed on May 4, 2022, and the notice itself was filed on July 6, 2022—well out of time. I write, however, to address a few procedural details.

CAFA provides that a class action may be removed in accordance with the procedures set forth in 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b). Section 1446, in turn, provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

I pause to observe that to even entertain arguments about timeliness requires us to enter a world in which MWC's filing of a third-party claim could, as a matter of law, create grounds for removal. For the reasons expressed above, that is not the case. Not surprisingly, then, the statute's deadline is not phrased in terms of such a situation, and can be applied only by means of some judicial prestidigitation. As noted above, the statute provides that it is the

---

*Inc. v. Twp. of W. Windsor*, 334 N.J. Super. 77, 90-91 (App. Div. 2000)). This is a "fact sensitive" conclusion that this Court cannot make. *See Tinton Falls*, *supra*. Moreover, in its Order and Opinion on MWC's motion to dismiss, the Superior Court has already found that 3M was not an indispensable party both because it was not even settled whether 3M was solely responsible for the contamination of MWC's water and because the plaintiffs' claims focus on the buyer/seller relationship. (DE 6-5 at 13.) Both conclusions would apply, whether in state or federal court.

Finally, that there is another class action lawsuit pending in this District related to the contamination of MWC's water and that the plaintiffs in that action sued 3M in addition to MWC is irrelevant. *See Lonsk v. Middlesex Water Company*, et al., No. 2:21-cv-19808(EP)(ESK). As masters of their complaint, the plaintiffs here were well within their rights to sue MWC only.

"initial pleading," not a subsequent third-party complaint, that triggers the removal inquiry. But even if one replaced the phrase "initial pleading" with "third-party complaint," and likewise replaced "defendant" with "third-party defendant," it would remain clear that MWC had to file its notice of removal within 30 days after 3M's receipt, by service or otherwise, of the third-party complaint or summons. That did not occur.

An inconsequential issue arises as to the date that the 30-day clock began to run. The notice of removal states, and the exhibits confirm, that MWC *filed* the third-party complaint on May 4, 2022. The notice of removal filed by MWC, which has the burden to establish timeliness, says nothing about the date of service or other receipt by 3M. Nor did MWC's briefing in response to the motion to remand suggest any such date. In an abundance of caution, however, I have examined the state court docket, which contains an affidavit of service by hand on 3M's managing agent as of May 10, 2022. (MID-L-006306-21, Trans ID: LCV20221886317.) I will therefore adopt May 10, 2022, as the date of 3M's actual receipt of the third-party complaint.[3] The notice of removal, however, was not filed until July 6, 2022. (Not. ¶5.)

From May 10, 2022, until July 6, 2022, is a period of 57 days. The notice of removal was therefore filed some 27 days after the 30-day deadline had run.

MWC argues that it could not remove the matter until 3M's counsel filed a notice of appearance on June 13, 2022. (Opp. 21.) That argument is both illogical and unsupported by any authority. The statutory deadline runs from service or receipt of the claim; the statute says nothing about a notice of appearance by a party's attorney. *See* 28 U.S.C. § 1446(b)(1). As of May 10, 2022, the out-of-state party was named because MWC itself had named it. The out-of-state party was served because MWC itself had served it. There is

---

[3]     The absurdities multiply. The "actual receipt" rule is clearly designed to prevent a diverse party from losing its right to remove because the 30-day deadline began running before it knew it was being sued. MWC, which *filed* the supposed diversity-creating claim, obviously knew of its existence, and it makes little sense to afford it the benefit of the "actual receipt" rule.

nothing about counsel's notice of appearance that altered the jurisdictional picture or stood in the way of MWC's filing a timely notice of removal.

The statutory deadline is clear, and MWC failed to comply with it.

### C. "Local controversy" exception

A district court will decline to exercise jurisdiction where a class action involves a "uniquely local controversy." *Walsh v. Defenders, Inc.*, 894 F.3d 583, 586 (3d Cir. 2018). *See* 28 U.S.C. § 1332(d)(4). Having determined both that MWC's filing of a third-party complaint did not create federal subject matter jurisdiction and that MWC's notice of removal was untimely, I need not address whether the "local controversy" exception applies here. Because the Court does not otherwise have jurisdiction over the case, the "local controversy" exception does not come into play.

### D. Fees and costs

The plaintiffs have moved for an award of fees and costs under 28 U.S.C. § 1447(c). Pursuant to that section, "[w]hen a case is remanded to state court, the removing defendant may be liable for expenses associated with the unsuccessful removal." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019). *See* 28 U.S.C. § 1447(c) ("[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal"). Although an award of fees and costs is discretionary, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

By itself, MWC's argument that its filing of a third-party complaint against a diverse party creates federal jurisdiction seems incompatible with the statute's plain meaning, although there was not a controlling judicial interpretation precisely on point. *See Cowan*, 2022 WL 1025146, at *2. If this were the only problem with removal, an award of fees and costs might be unwarranted, as the issue would appear to have been—barely—unsettled. *See*

10

*Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003) (reversing District Court's award of attorneys' fees where removal was based on an "area of unsettled law"). Added to that flaw, however, is MWC's delay in removing the action and its persistence in the wholly unsupported argument that the 30-day removal period began to run when 3M's attorney filed a notice of appearance. I conclude that removal was objectively unreasonable. *See League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019) (affirming District Court's award of fees and costs where defendant lacked an objectively reasonable basis for contending that removal was timely).

The motion for fees and costs is granted.

### IV.    Conclusion

For the reasons set forth above, the motion to remand is **GRANTED.** The Court further finds that removal in this matter was without a reasonable basis and therefore the defendant shall pay a reasonable award of attorney's fees and costs to the plaintiffs to cover the expenses of the remand motion.

An appropriate order will issue.

Dated: March 21, 2023

/s/ Kevin McNulty

_____
**KEVIN MCNULTY**
**United States District Judge**

11